IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW DSIDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:21-CV-0427 |
| | ) |
| HEATHER ESPOSITO, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently pending before the Court is a Motion to Remand for Lack of Subject Matter Jurisdiction filed on behalf of Plaintiff Andrew Dsida ("Dsida"). For the reasons that follow, we will grant the Motion.

**I. Factual Allegations**

On March 5, 2021, Dsida filed a Complaint in Civil Action in the Allegheny County Court of Common Pleas ("Complaint") against Defendant Heather Esposito, his ex-wife. On April 5, 2021, Defendant filed a Notice of Removal to the United States District Court for the Western District of Pennsylvania pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332(a). On May 21, 2021, Dsida filed the now-pending motion.

The allegations in the Complaint are as follows. Dsida resides in New York, and Ms. Esposito resides in Florida. Complaint ¶¶ 1,2. In January 2013 after Dsida "initiated divorce proceedings", "Esposito engaged in a premediated pattern of harassment against Mr. Dsida" that included a "pattern of illegal harassment and stalking." Complaint ¶¶ 13-15. The Allegheny County Court of Common Pleas entered a "final Divorce Decree" on or about September 12, 2016 following "three years of acrimonious divorce proceedings." Complaint ¶ 16.

1

Approximately two years after the "final Divorce Decree was entered, Dsida successfully sold his company" at an amount that "exceeded the 2014 valuation." Complaint ¶¶ 20-21. Ms. Espositio then commenced a legal malpractice lawsuit against her divorce attorneys that Dsida characterizes as "the Abusive Legal Proceeding." Complaint ¶¶ 21, 23.  Dsida alleges that "once the Abusive Legal Proceeding moved into discovery, it became clear who Esposito's true target was: Mr. Dsida." Complaint ¶ 22. Dsida alleges that "the Abusive Legal Proceeding" is "nothing more than a thinly veiled attempt to harass he (sic) ex-husband and to interfere with his business dealings as much as possible". Complaint ¶ 23. Dsida alleges that Ms. Espositio "engage[d] in a wide-ranging fishing expedition, serving at least a dozen identical subpoenas on Dsida's current and former business associates and friends, including Dsida himself, his divorce attorney, and his personal accountant." Complaint ¶ 24.

Plaintiff's Complaint alleges: (1) at Count 1, common law abuse of process; and (2) at Count 2, invasion of privacy. Dsida alleges that he "incurred monetary harm in the form of, inter alia, legal fees, emotional distress, harm to reputation, and other costs and expenses in an amount in excess of $35,000." Complaint ¶¶ 30, 36. Dsida also alleges that Defendant "interfere[d] with his business dealings." Complaint ¶ 23. In both counts, Dsida seeks attorney fees. Complaint pp. 9-10. In both counts Dsida seeks punitive damages. Complaint pp. 9-10.

**II. Standard of Review**

According to the removal statute 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States...." 28 U.S.C. § 1441(a). Congress has conferred original jurisdiction to district courts in cases of federal question or diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§

1331, 1332). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction over civil actions where "the matter in controversy exceeds the sum or value of $ 75,000 and is between 'citizens of different states.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). If the district court determines that it lacks subject matter jurisdiction, remand is mandatory.  28 U.S.C. § 1447(c).

The defendant bears the burden of establishing removal jurisdiction.  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *see also  Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (stating that the removing party "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court") (citations omitted). "Moreover, the removal statute is 'to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Sdregas v. Home Depot, Inc*., Civ. A. No. 01-5851, 2002 WL 32349815, at *2 (E.D. Pa. Apr. 5, 2002) (quoting *Boyer*, 913 F.2d at 111).

**III. Discussion**

Plaintiff moves to remand this case to the Allegheny County Court of Common Pleas on the ground that Defendant has failed to meet her burden of showing that this Court has diversity jurisdiction over this action. Plaintiff does not dispute that the parties are citizens of different states; rather, Plaintiff argues that the amount in controversy for this case does not exceed $75,000. *See* 28 U.S.C. § 1332(a).

In ascertaining the amount in controversy in removal cases, courts first look to the complaint.  *Samuel-Bassett v. KIA Motors Am., Inc*., 357 F.3d 392, 398 (3d Cir. 2004). Defendant removed this action on the basis of diversity jurisdiction, so the sum demanded in good faith in the Complaint is normally deemed to be the amount in controversy.  28 U.S.C. § 1446(c)(2). The Complaint asserts an open-ended claim for damages in excess of $35,000.

"However, where[, as here,] 'the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded,' removal is proper only if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00."[1] *Evans v. Zhang*, Civ. A. No. 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017) (*quotin*g  28 U.S.C. § 1446(c)(2)(A)(ii)-(B)); *see also Dorley v. Save-A-Lot*, Civ. A. No. 16-4510, 2016 WL 6213074, at *3 (E.D. Pa. Oct. 25, 2016) (determining that the defendants must prove by a preponderance of the evidence that the plaintiff's claims exceed $75,000 because "Pennsylvania does not permit a demand for a specific sum, and [the plaintiff] seeks open-ended damages in excess of $50,000" (quotation marks omitted) (citing Pa. R. Civ. P. 1021(b)) (additional citations omitted));  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) ("If the plaintiff contests the defendant's [amount in controversy] allegation,  § 1446(c)(2)(B) instructs: '[R]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold").

"Preponderance of the evidence means 'proof to a reasonable probability that jurisdiction exists.'" *Jesmar Energy, Inc. v. Range Res.-Appalachia, LLC*, Civ. A. No. 17-928, 2017 WL 4572526, at *3 (W.D. Pa. Oct. 13, 2017) (quoting *Frederico*, 507 F.3d at 195 n.6). Since the burden of establishing jurisdiction always lies with the removing defendant, it is Defendant's obligation to establish by a preponderance of the evidence the requisite jurisdictional amount. *See Heffner v. LifeStar Response of New Jersey, Inc.,* Civ. A. No. 13-194, 2013 WL 5416164, at *7 (E.D. Pa. Sept. 27, 2013). "While Defendants are not obligated to research, state, and prove

---

[1] Rule 1021(b) of the Pennsylvania Rules of Civil Procedure provides that "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum." Pa. R. Civ. P. 1021(b). Here, because the Complaint demands relief for unliquidated damages Plaintiff could not request a specific sum in the Complaint.

4

[Plaintiffs'] claims for damages, they must present facts sufficient to establish that [Plaintiffs] would more likely than not recover more than the jurisdictional amount...." *Lohr v. United Fin. Cas. Co.*, Civ. A. No. 09-752, 2009 WL 2634204, at *4 (W.D. Pa. Aug. 25, 2009). Moreover, for purposes of determining the amount in controversy, "[t]he amount of damages available depends not on the number of theories of liability or causes of action, but on the extent of the injury or harm." *Heffner,* 2013 WL 5416164, at *6 (citation omitted); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) ("[I]f [the plaintiff's] claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy.").

To determine whether Defendant has carried her burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, we first examine whether she has submitted any evidence that would allow us to quantify Plaintiffs' damages. *See Heffner,* 2013 WL 5416164, at *7 ("[D]efendant bears the burden of proving, by a preponderance of evidence, that the compensatory damages, punitive damages, and costs and fees, plus reasonable attorney fees are in excess of the federal jurisdictional minimum amount in controversy."). Defendant has submitted no evidence and relies entirely on the Complaint. The Complaint asserts claims for monetary damages, legal fees, emotional distress, harm to reputation, punitive damages and other costs and expenses in an amount in excess of $35,000.

Thus, Defendants must prove, by a preponderance of the evidence, that the likely value of Plaintiff's claims—including for punitive damages and costs and fees—exceeds $75,000. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." (citations omitted)); *Suber*, 104 F.3d at

585 ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." (citation omitted)). However, Defendant has failed to submit any evidence that would support such a determination. Rather, she relies on a conclusory allegation. Without more, we are left to guess whether the amount in controversy exceeds $75,000. "Where the court is left to guess at whether the jurisdictional threshold has been met, ... a removing defendant has not carried its burden." *Dorley*, 2016 WL 6213074, at *2 (quotation omitted). Consequently, we conclude that Defendant has failed to satisfy her burden of proving by a preponderance of the evidence that Plaintiff seeks to recover more than the jurisdictional amount of $75,000. We therefore further conclude that Defendant has not met her burden of showing that the amount in controversy is sufficient to support federal diversity jurisdiction under 28 U.S.C. § 1332(a) and we grant the motion to remand.

**IV. Conclusion**

For the reasons stated above, we grant Plaintiffs' Motion to Remand. Accordingly, we remand this proceeding to the Allegheny County Court of Common Pleas.

An appropriate order follows.

AND NOW, this 26th day of August, 2021, it is hereby ORDERED that the Motion to Remand (ECF No. 7) be and the same is hereby GRANTED. This Action is hereby REMANDED to the Court of Common Pleas of Allegheny County FORTHWITH. The Clerk shall mark this case CLOSED.

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Cc: record counsel via CM-ECF